# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-00644-AB-JC | Date: | April 2, 2020 |
|---|---|---|---|

Title: *Monique Walters v. FCA US LLC, et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER **DENYING** MOTION TO REMAND [Dkt. No. 12].

Before the Court is Plaintiff Monique Walters's ("Plaintiff") motion to remand this case back to the Superior Court of California, County of Los Angeles. (Dkt. No. 12.) Defendant FCA US LLC ("Defendant") opposes this motion. (Dkt. No. 14.) The Court finds this matter suitable for decision without oral argument and **VACATES** the April 3, 2020 hearing on Plaintiff's motion. For the reasons stated below the Court **DENIES** Plaintiff's motion to remand.

Diversity jurisdiction is present where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *See* 28 U.S.C. § 1332(a)(1). Defendant, as the party that sought removal based on diversity jurisdiction, bears the burden of proving complete diversity of citizenship by a preponderance of the evidence. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001). "To be a citizen of a state, a natural person must first be a citizen of the United States." *Id.* at 857. "The natural person's state citizenship is then determined by her state of domicile . . .

[*i.e.*] her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*

Here, Defendant alleges that Plaintiff is "a citizen and resident of California" based on Plaintiff's Los Angeles address, Los Angeles County voter registration, California driver's license, and California Department of Motor Vehicle Registration form. (*See* Dkt. No. 1 ¶ 20); (*see also* Dkt. No. 14–2.) Defendant further alleges in its notice of removal that it is not a California citizen. (*See* Dkt. No. 1 at ¶ 20). Plaintiff makes a facial challenge to Defendant's notice of removal, arguing that these allegations are insufficient to show that Plaintiff is a United States citizen. (*See* Dkt. No. 12 at 5–6.) "[A] facial challenge to the legal adequacy of [Defendant's] notice of removal . . . accepts the truth of the [removing party's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *See Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (internal citation and quotation marks omitted). In stating that Plaintiff is a citizen of California and that Defendant is not a citizen of California, (Dkt. No. 1 ¶¶ 20–21), Defendant has "provided a short and plain statement of the parties' citizenship based on information and belief, satisf[ying] [Defendant's] burden of pleading minimal diversity." *See Ehrman*, 932 F.3d at 1228. Because Defendant's allegations, accepted as true, show complete diversity among the parties, Plaintiff's facial challenge fails. The Court accordingly **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED**.